1  Amy P. Lally (SBN 198555)
   alally@sidley.com
2  SIDLEY AUSTIN LLP
   1999 Avenue of the Stars, 17th Floor
3  Los Angeles, CA 90067
   Telephone: (310) 595-9662
4  Facsimile: (310) 595-9501

5  Anna Tutundjian (SBN 309969)
   Atutundjian@sidley.com
6  SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
7  Los Angeles, CA 90013
   Telephone: (213) 896-6000
8  Facsimile: (213) 896-6600

9  *Attorneys for Defendant*
   *Hanesbrands Inc.*
10

11              **UNITED STATES DISTRICT COURT**

12             **CENTRAL DISTRICT OF CALIFORNIA**

13  | MILTITA CASILLAS, an individual | Case No. 2:24-cv-01641 |
14  | Plaintiff, | (Removed from Superior Court of the State of California County of Los Angeles, Case No. 24STCV01291) |
15  | vs. | |
16  | HANESBRANDS INC., a Maryland corporation d/b/a | **NOTICE OF REMOVAL** |
17  | WWW.MAIDENFORM.COM, | State Action Filed: January 18, 2024 |
18  | Defendant. | State Action Served: January 30, 2024 |
19
20
21
22
23
24
25
26
27
28

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant HANESBRANDS INC. ("Hanesbrands") hereby removes to this Court the above-styled action, pending as Case No. 24STCV01291 in the Superior Court of the State of California for the County of Los Angeles (the "State Court Action").

## I.     INTRODUCTION

1.     This case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b) because the State Court Action is pending in the Superior Court of California, County of Los Angeles, which is within the Central District of California, and the Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C §§ 1332(a) and 1441(a) because it is a civil action between citizens of different states, in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

## II.     BACKGROUND

2.     On or about January 18, 2024, Plaintiff Miltita Casillas ("Plaintiff") filed the State Court Action against Hanesbrands in the Superior Court of California, County of Los Angeles.

3.     Hanesbrands brings this Notice of Removal.

4.     The Complaint brings a claim for: (1) violations of the California Invasion of Privacy Act.  Compl. ¶¶ 9-31.

5.     The Complaint seeks actual damages, statutory damages, punitive damages, and attorneys' fees.  Compl. ¶¶ 26, 29-31 & Prayer for Relief.

6.     On January 30, 2024, process was served on Hanesbrands. Hanesbrands has not filed an answer or responsive pleading to the Complaint and no further proceedings have taken place in the State Court Action.

## III.     JURISDICTION

7.     Based on the allegations on the face of the Complaint, this Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C § 1332(a).

NOTICE OF REMOVAL

8.     Although Defendant denies that it is liable to any individual, removal is proper pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) because the State Court Action is between citizens of different states, in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.     The Diversity of Citizenship Requirement Is Met**

9.     Plaintiff alleges that she "is a resident of California." Compl. ¶ 4.  As such, Defendant was informed and believes that at the time Plaintiff filed the State Court Action, Plaintiff was a citizen of California.

10.     For diversity purposes, a corporation is deemed to be a citizen of: (1) the state under whose laws it is organized; and (2) the state of its "principal place of business."  28 U.S.C. § 1332(c)(1); *see also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009).  Here, Hanesbrands is a corporation organized under the laws of Maryland, with its principal place of business in Winston-Salem, North Carolina.  *See* Compl. 5; Declaration of Amy Lally ¶ 3, Ex. N.  As such, Hanesbrands is a citizen of Maryland and North Carolina.

11.     The complete diversity requirement, therefore, is satisfied because Plaintiff is a citizen of California, and Hanesbrands is a citizen of Maryland and North Carolina.

**B.     The Amount in Controversy Requirement Is Met**

12.     Removal is proper "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. §§ 1332(a), §1441(b).  The amount in controversy is determined by accepting Plaintiff's allegations as true.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.23d 398,402 (9th Cir. 1996) ("[T]he amount in controversy is met by the express allegations of the plaintiff's complaint." (quotation omitted)); *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.").  Plaintiff's Complaint does not

expressly state that her damages sought are in excess of $75,000; however, even if a complaint "is unclear and does not specify a total amount in controversy, the proper burden of proof [on showing that the amount-in-controversy is in excess of $75,000] is proof by a preponderance of evidence." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

13.     Although Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint, the Complaint seeks relief through actual damages, statutory damages, punitive damages, and attorneys' fees that exceeds § 1441(b)'s $75,000 amount-in-controversy requirement.

### 1.     Actual and Statutory Damages

14.     Plaintiff brings a civil case where the "[a]mount demanded exceeds $25,000." *See* Lally Decl. ¶ 2, Ex. B. Accordingly, Plaintiff's actual and statutory damages are over $25,000 for purposes of determining the amount-in-controversy requirement.

### 2.     Punitive Damages

15.     Plaintiff alleges claims for punitive damages, which are included in determining the jurisdictional amount in controversy.  Compl., Prayer for Relief; *see Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").   The Supreme Court has stated that the ratio between compensatory and punitive damages cannot generally exceed "single digits."  *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("Single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution, than awards with ratios in range of 500 to 1").  Conservatively taking the mean single digit, five, and multiplying that by Plaintiff's alleged actual damages, to exceed $25,000, provides for, at a minimum, punitive damages of at least $125,000 for purposes of determining the amount-in-controversy requirement.

### 3. Attorneys' Fees

16. Plaintiff also seeks attorneys' fees in this case. Compl., Prayer for Relief. An award of attorneys' fees, if such fees are specifically authorized by statute, may be considered for purposes of calculating the amount in controversy. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Given the complex issues pleaded, Hanesbrands does not anticipate that Plaintiff's case can be brought to trial within 12 months of the filing of the complaint. Nonetheless, Hanesbrands acknowledges the California Court's target to bring cases to trial within one year. *See, e.g.*, California's Case Management Statement, CM-110 (asking parties to confirm: "This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*"). Conservatively estimating 12 months between the filing of the complaint and the conclusion of the trial and assuming a relatively low accrual of $5,000/month in fees, Plaintiff could be entitled to at least $60,000 in attorney's fees, in addition to the actual and punitive damages sought.

17. Hanesbrands denies Plaintiff's substantive allegations and denies causing her any harm whatsoever. Nonetheless, the right of removal is based on the amount at issue in the lawsuit, and Plaintiff, by her claims, seeks at least $210,000. As such, Plaintiff seeks more than $75,000, easily satisfying the amount in controversy requirement.

## IV. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

18. This Court is the proper venue for this action under 28 U.S.C. § 1441(a), as the State Court Action is pending in the County of Los Angeles, and the United States District Court for the Central District of California is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

19. The Complaint was filed on January 18, 2024 and served on Hanesbrands along with a summons on January 30, 2024. Therefore, this Notice of Removal has

1   been timely filed within thirty days of Hanesbrands's receipt of a copy of the summons

2   and Complaint, pursuant to 28 U.S.C. § 1446(b).

3       20.    Pursuant to 28 U.S.C. § 1446(a), copies of the Summons and Complaint

4   served upon Hanesbrands are attached.  These are the only process, pleadings, and

5   orders served upon Hanesbrands to date.

6       21.    Pursuant to 28 U.S.C. § 1446(d), Hanesbrands will promptly file a removal

7   notice with the Clerk of the Superior Court of the State of California for the County of

8   Los Angeles and will serve written notice of same upon counsel of record for Plaintiff.

9       22.    Hanesbrands reserves the right to amend or supplement this Notice of

10  Removal.

11      23.    By filing this Notice of Removal, Hanesbrands does not waive, either

12  expressly or implicitly, its right to assert any defense which it could have asserted in the

13  Superior Court of the State of California for the County of Los Angeles.

14

15      **WHEREFORE**, Hanesbrands respectfully requests that the Court assume

16  jurisdiction over this action.

17

18      Respectfully submitted,

19      SIDLEY AUSTIN LLP

20

21  Dated:  February 28, 2024    By: */s/ Amy P. Lally*

22      Amy P. Lally
         Anna Tutundjian

23      *Attorneys for Defendant*

24      *Hanesbrands Inc.*

25

26

27

28