UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01641-RGK-JC | Date | March 4, 2024 |
|---|---|---|---|
| Title | *Miltita Casillas v. Hanesbrands Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause Re: Amount in Controversy [DE 1]

On January 18, 2024, Miltita Casillas ("Plaintiffs") filed a Complaint against Hanesbrands Inc. ("Defendant") in Los Angeles County Superior Court alleging a single claim for violation of the California Invasion of Privacy Act ("CIPA") under California Penal Code section 638.51. On February 28, 2024, Defendant timely removed the action to this Court on the basis of diversity jurisdiction.

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citing *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

Plaintiff seeks statutory damages in the amount of $5,000, punitive damages, and attorneys' fees. Defendant asserts that the amount in controversy exceeds $75,000, because (1) Plaintiff filed the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01641-RGK-JC | Date | March 4, 2024 |
|---|---|---|---|
| Title | *Miltita Casillas v. Hanesbrands Inc.* | | |

Complaint as an unlimited civil case, which indicates the amount demanded exceeds $25,000; (2) punitive damages could be five times that, equaling $125,000; and (3) attorneys' fees could be at least $60,000. Thus, Defendant asserts the amount in controversy totals $210,000.

Defendant, however, fails to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Defendant makes significant assumptions with respect to punitive damages and attorneys' fees. Equally valid assumptions could be made that result in damages that are less than $75,000. Moreover, with respect to punitive damages, Defendant improperly relies on unrelated cases involving different facts. And with respect to attorneys' fees, the Court finds such fees too speculative for inclusion into the amount in controversy. With $25,000 as a starting point and no supporting evidence for the other forms of damages requested, the amount in controversy falls well short of the statutory minimum.

The Court is skeptical that Defendant can show by a preponderance of evidence that this requirement is met. Accordingly, the Court **ORDERS** Defendant to **show cause in writing** why the jurisdictional requirements are or are not satisfied. Such a response **shall not exceed five pages** and must be submitted within **six days of this Order's issuance.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/dc |