UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01641-RGK-JC | Date | March 22, 2024 |
|---|---|---|---|
| Title | *Miltita Casillas v. Hanesbrands Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:     Attorneys Present for Defendant:
Not Present                          Not Present

**Proceedings:**     **(IN CHAMBERS) Order Remanding Action to State Court**

On January 18, 2024, Miltita Casillas ("Plaintiff") filed a Complaint against Hanesbrands Inc. ("Defendant") in Los Angeles County Superior Court alleging a single violation of the California Invasion of Privacy Act ("CIPA") under California Penal Code section 638.51. Defendant removed the action to this Court on the basis of diversity jurisdiction. Upon reviewing Defendant's notice of removal, the Court issued an Order to Show Cause as to whether the amount in controversy requirement was met. (ECF No. 11.) Defendant has filed its Response. (ECF No. 15.)

In the Response, Defendant raises several unpersuasive arguments.

To start, Defendant relies on multiple cases discussing removal jurisdiction under the Class Action Fairness Act ("CAFA"). These cases are inapplicable. The instant action is brought by Plaintiff as an individual, not a class representative. Nowhere in the Complaint does she invoke CAFA. "[A]lthough a presumption against federal jurisdiction exists in the usual diversity case, no antiremoval presumption attends cases invoking CAFA." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). The Court trusts Defendant understands the difference between removal in a CAFA case and removal in a non-CAFA case, like here, where "[t]he removing defendant bears the burden of overcoming the strong presumption against removal jurisdiction." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (internal quotation marks and citation omitted).

Defendant also relies on *Budget Rent-A-Car, Inc. v. Higashiguchi*, a case a plaintiff initiated in federal court and a defendant sought to dismiss for lack of subject matter jurisdiction. 109 F.3d 1471 (9th Cir. 1997). That case is the procedural opposite of this case. Here, Plaintiff initiated her case in state court, and Defendant removed it asserting diversity jurisdiction. Contrary to Defendant's argument that remand is improper "unless it appears to a legal certainty" the jurisdictional amount is not satisfied, here, remand is proper unless Defendant proves that the jurisdictional amount is satisfied by a preponderance of the evidence. *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 746 (9th Cir. 2022).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01641-RGK-JC | Date | March 22, 2024 |
|---|---|---|---|
| Title | *Miltita Casillas v. Hanesbrands Inc.* | | |

    Defendant offers no evidence to show that the amount in controversy requirement is satisfied. Instead, Defendant concedes that the only "actual damages" in this case is $5,000 in statutory penalties. *See* Cal. Penal Code § 637.2(a)(1). As for punitive damages, without any evidence or citation to cases in which punitive damages were awarded under similar facts or for a violation of a similar statute, Defendant asserts that "actual and punitive damages recovery could still be $45,000." This conclusory assertion implying an 8:1 punitive damages ratio is entirely unsupported. Nor does Defendant explain why an attorneys' fees award, if granted, is likely to be $36,000. A barren assertion of a mathematical formula of 12 months of litigation multiplied by $3,000 per month does not suffice. Accordingly, Defendant's proposed amounts for punitive damages and attorneys' fees are too speculative to be included in the amount in controversy. *Mozingo v. Japan Airlines Co.*, 432 F. Supp. 3d 1194, 1199 (S.D. Cal. 2020).

    In conclusion, Defendant failed to establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional minimum. Accordingly, the Court **REMANDS** this action to state court for all further proceedings.

    All pending dates on the docket of this court are taken off calendar.

    **IT IS SO ORDERED.**

cc: Los Angeles Superior Court, 24STCV01291

|  | : |
|---|---|
| Initials of Preparer | JRE/dc |